THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| JUAN HERNANDEZ | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-19-326-R |
| IMMIGRATION CUSTOMS ENFORCMEMENT, | ) |  |
| Defendant. | ) |  |

## ORDER

Mr. Hernandez, who is currently in state custody serving a state sentence, initiated this action by filing a Motion to Compel Agency Action (Doc. No. 1) on April 10, 2019.[1] Therein he moved the "Court for an injunction compelling the Immigration and Customs Enforcement Agency to act on Petitioner's detainer that has been lodged with the Oklahoma Department of Corrections." (Doc. No. 1, p. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On May 14, 2019, Judge Erwin issued a Report and Recommendation wherein he recommended that the case be dismissed upon filing because Mr. Hernandez fails to state a claim. The matter is currently before the Court on Mr. Hernandez's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which

---

[1] Mr. Hernandez argues he is "deportable" by virtue of his state conviction for rape. He does not identify in his Motion to Compel Agency Action or his objection to the Report and Recommendation whether his presence in the United States was by virtue of being a lawful permanent resident, a lawful temporary resident or that he was in the United States without proper authorization. The lack of information regarding his legal status in the United States does not affect the outcome herein.

specific objection is made. Having conducted this *de novo* review, the Court finds as follows.

In support of his motion Mr. Hernandez asserted that he was convicted of rape in 2012 and that upon his conviction Immigration and Customs Enforcement ("ICE") lodged a detainer against him. He is currently incarcerated at the Lexington Correctional Facility. He contends he is deportable pursuant to 8 U.S.C. § 1228. Citing the Administrative Procedures Act, 5 U.S.C. §§ 701-706, Mr. Hernandez asserts that he was convicted of an aggravated felony and became immediately deportable under 8 U.S.C. § 1228, but he has been waiting five years for ICE to act on his detainer. He argues that "Defendant in this case, having begun agency action by filing a detainer against the Plaintiff is required to complete agency action by bringing the Plaintiff before an Immigration Judge to conclude the agency action." (Doc. No. 1, p. 2). Acknowledging that various courts have rejected requests to order that ICE deport an individual, Plaintiff argues that no court has held that ICE can avoid resolution of the detainer. "Defendants cannot lodge a detainer, admitting the Plaintiff is deportable, and then refuse to act." *Id.*, p. 3.

Judge Erwin interpreted Mr. Hernandez's *pro se* filing as seeking to compel removal, and thus recommended dismissal of the action because the Court cannot compel the Attorney General to effect removal of Mr. Hernandez, or any incarcerated alien, prior to completion of the term of imprisonment. (Doc. No. 7, p. 4). With regard to Plaintiff's contention that the Court should rely on 5 U.S.C. § 706(a) to compel ICE to take action, Judge Erwin concluded that Plaintiff failed to sufficiently allege that he is "deportable" and

2

further, because he is not in the custody of Immigration and Customs Enforcement, the agency could not be compelled to take action toward Plaintiff's deportation.

In his objection to the Report and Recommendation Mr. Hernandez clarifies his request for relief. He argues he is not seeking a Court order compelling expedited removal. Rather, he seeks to compel ICE to move forward with his detainer because it was lodged more than five years ago and the agency has yet to take any action thereon. He frames the question as, "[c]an [ICE] place a detainer on a person, alleging they are deportable, and then *not* take action on the detainer?" (Doc .No. 8, p. 2). He further objects to Judge Erwin's conclusion that he is not deportable as set forth in 8 U.S.C. § 1228.[2]

Mr. Hernandez relies on the Administrative Procedures Act ("APA"), specifically 5 U.S.C. § 706(1), which permits the Court to "compel agency action unlawfully withheld or unreasonably delayed." The APA, specifically § 702, provides:

> Nothing herein (1) affects other limitations on judicial review or the power of the court to dismiss any action or deny any relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

"[T]the only agency action that can be compelled under the APA is action legally *required*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) (emphasis in original). The undersigned concludes that this Court lacks jurisdiction over Mr. Hernandez's request in light of 8 U.S.C. § 1252(g). Further, even if the Court could exercise

---

[2] 8 U.S.C. § 1227 sets forth the criteria for assessing whether an alien is deportable for commission of a criminal offense. 8 U.S.C. § 1228 provides for expedited removal of aliens convicted of committing certain of the felonies set forth in § 1227.

3

jurisdiction over his claim, he cannot establish that ICE is legally required to take action on the detainer, given the relevant immigration statutes.

Petitioner argues he is a "deportable" alien, as defined in federal immigration statutes because he was convicted under Oklahoma law of a "crime of moral turpitude" or an "aggravated felony." 8 U.S.C. § 1227. 8 U.S.C. § 1228 provides that the Attorney General shall make provision for special removal proceedings with regard to aliens convicted of such crimes, "in a manner which eliminates the need for additional detention at any processing center of the Service and in a manner which assures expeditious removal following the end of the alien's incarceration for the underlying sentence." 8 U.S.C. § 1228(a)(1). Although section 1228(a)(1) purports to require the Attorney General to provide such proceedings, the section also contains a limitation relevant to the outcome herein, specifically, "[n]othing in this section shall be construed to create a substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.*[3] Most importantly, 8 U.S.C. § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

---

[3] 8 U.S.C. § 1228(a)(3)(B) provides:
    Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

Here Mr. Hernandez requests that the Court compel the Attorney General to commence removal proceedings by acting upon the detainer filed with the State of Oklahoma. Section 1252(g) strips this court of jurisdiction over such claim. *See Garcia-Cordero v. U.S. Dept. of Justice*, 2011 WL 1870208, *2 (S.D. Ga. April 20, 2011)(noting that courts have applied the "jurisdictional bar to extend to the decision to refrain from commencing proceedings, adjudicating cases, or executing removal orders."); *Zundel v. Holder*, 687 F.3d 271, 279 (6th Cir. 2012) (noting the lack of jurisdiction to consider an inquiry "arising from the Attorney General's decision to adjudicate (or not adjudicate) cases"); *Carranza v. INS*, 277 F.3d 65, 73 (1st Cir. 2002) (holding that a criminal alien who does not have the right to demand the exercise of discretion cannot challenge its non-exercise by means of habeas review). The Court finds, as a result, that it lacks jurisdiction to consider Plaintiff's request that ICE be required to take action on his detainer.

Additionally, numerous courts have concluded that removal proceedings are not governed by the APA.

> For example, incarcerated aliens cannot compel the INS to hold immediate deportation hearings by way of a petition for writ of mandamus, *See Campos* [v. INS], 62 F.3d [311] at 313–14 [9th Cir. 1995], or under the Administrative Procedures Act, 5 U.S.C. §§ 701–706, see *Silveyra [v.] Moschorak*, 989 F.2d 1012, 1015 (9th Cir.1993) ("no claim under the [APA] because 'immigration proceedings ... are not governed by the APA'")

*Guzman v. Swarthout*, 2011 WL 4954204, *3 (E.D. Cal. October. 18, 2011); *Prasad v. INS.*, 2001 WL 1256852, *2 (N.D. Cal. Oct. 17, 2001); *Channer v. Hall*, 112 F.3d 214, 216 (5th Cir. 1997).

In his initial motion Mr. Hernandez cited to and relied upon *Hernandez-Avalos v. I.N.S.*, 50 F.3d 842 (10th Cir. 1995).[4] The decision, rendered before enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, an amendment to the Immigration and Nationality Act and Immigration and Nationality Technical Corrections Act of 1994, found dismissal appropriate, because the alien petitioner lacked standing.[5] The court considered the zone of interests of § 1252 and concluded that Mr. Hernandez-Avalos did not fall within the zone of interest of § 1252(i), because the provision was aimed at saving taxpayer monies by avoiding expenses associated with detaining people awaiting deportation after completion of their sentences, and not for the benefit of incarcerated aliens. *Id.* at 847. The court also noted that vast discretion granted to the INS by the § 1252. *Id.* at 848. "It seems to us extremely unlikely that Congress would have wanted the INS's discretion in prioritizing deportation cases to be upset by individual suits brought by aliens seeking to expedite the handling of their own cases." *Id.* The case does not support his request for relief.

As set forth above, the Court finds that it lacks jurisdiction over this matter and further, that even if there were jurisdiction, Mr. Hernandez would lack standing to seek relief. The action is therefore subject to dismissal. The Report and Recommendation is ADOPTED to the extent it is consistent with this Order.

---

[4] There, as here, Petitioner sought "only to expedite the initiation of deportation proceedings" not to compel deportation before completion of their prison sentence. *Id.* at 844, n. 2.

[5] The court noted that petitioners had not sought relief under the APA, presuming that they were aware of authority indicating that APA does not apply to deportation proceedings under the INA. See *id.* at 845 n. 8.

IT IS SO ORDERED this 6th day of June 2019.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE